UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JINGQUAN GUO,

Petitioner,

v.

GREGORY J. ARCHAMBEAULT, *et al.*

Respondents.

Case No.:  26-cv-2656-GPC-DDL

**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

On April 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). On April 30, 2026, Respondents filed a return to the petition. ECF No. 4 ("Ret."). On May 4, 2025, Petitioner filed a traverse. ECF No. 5 ("Trv."). For the following reasons, the Court GRANTS the petition for writ of habeas corpus and ORDERS Petitioner's immediate release.

/ / /

/ / /

/ / /

1

## I.    BACKGROUND

### a.  Factual Background

Petitioner is a native and citizen of China and entered the United States on October 5, 2011, on a nonimmigrant visa. Pet. ¶ 41; Ret. at 2.[1] On June 26, 2012, Petitioner was issued a Notice to Appear ("NTA") after his I-589 asylum application was referred to an immigration judge ("IJ") by USCIS. Ret. at 2. USCIS determined that Petitioner was removable under 8 U.S.C. § 1227(a)(1)(B), as a visa overstay. *Id*. On June 15, 2015, the IJ administratively closed Petitioner's case. *Id*., Ex. 2.

At some point after his entrance into the country, Petitioner was granted an Employment Authorization card, which was valid until February 3, 2030. *Id*.; Pet. ¶ 42. He has resided in the United States since his entrance in 2011. *Id*. ¶ 41.

On March 31, 2026, Petitioner was stopped by Respondents pursuant to a traffic stop. *Id*. ¶ 43; Ret., Ex. 2. A Form I-200, Warrant for Arrest, was issued for Petitioner's arrest, and Petitioner was detained pursuant to the warrant. Pet. ¶ 43; Ret. at 2-3. Petitioner was subsequently transferred to the Imperial Regional Detention Facility, where he currently remains. Pet. ¶ 43. On April 17, 2026, Petitioner had a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). Ret. at 3. The IJ ruled in Petitioners favor, stating the "[b]ond is moot as there is no valid Notice to Appear (NTA)" and ordering that Petitioner be released from custody. Pet. ¶ 44; Pet. Ex. A ("IJ Ord."). Respondents believe that the IJ's order was erroneous as there was a previous NTA issued on July 9, 2012. Ret. at 3. On April 22, 2026, the IJ granted Respondents' motion to recalendar Petitioner's removal proceedings. *Id*.

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

26-cv-2656-GPC-DDL

In the meantime, Respondents have not abided by the IJ's order and refused to effectuate Petitioner's release. Pet. ¶ 47. Thus, Petitioner continues to be detained at the Imperial Regional Detention Facility. *Id.*

### b. Procedural Background

On April 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On April 30, 2026, Respondents filed a return. ECF No. 4. On May 4, 2026, Petitioner filed a traverse. ECF No. 5.

Petitioner argues that Respondents have violated both the INA and the Fifth Amendment Due Process clause by continuing to detain Petitioner without any pending removal proceedings, without an active charging document, and in defiance of a specific judicial order for release. Pet. ¶¶ 48-54.

The Petitioner asks the court to (1) grant the instant petition for a writ of habeas corpus and (2) award Petitioner attorney's fees and costs under the Equal Access to Justice Act and on any other basis justified under law. Pet. at 10.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004). As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and…the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023) (habeas actions limited to challenges of the legality or duration of confinement).

A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

26-cv-2656-GPC-DDL

## III.    DISCUSSION

### a. Jurisdiction

Petitioner invokes this Court's jurisdiction under the habeas provision, 28 U.S.C. § 2241, the Suspension Clause, and federal question, 28 U.S.C. § 1331. Pet. ¶ 6. Respondents maintain that this Court lacks jurisdiction over Petitioner's claims, stating that (1) the petition brings improper habeas claims and (2) the claims and relief are barred by 8 U.S.C. §§ 1252(g), 1252(b)(9).

### i. Habeas Corpus Claim

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see *Rasul v. Bush*, 542 U.S. 466, 473, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004). As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023) (habeas actions limited to challenges of the legality or duration of confinement). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." See *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

Here, Respondent argues that the petition should be denied because "review of [Petitioner's] claims would not automatically entitle Petitioner to release from detention." Ret. at 5; *see Guselnikov v. Noem*, No. 25-cv-1971-BTM-KSC, 2025 WL 2300783, at *1 (S.D. Cal. Aug. 8, 2025) (finding petitioners' claims did not arise under § 2241 because they were not arguing they were unlawfully in custody and receiving the requested relief would not entitle them to release).

26-cv-2656-GPC-DDL

However, this petition is challenging the lawfulness of Petitioner's detention and requesting his release under 28 U.S.C. § 2241. *See* Pet. ¶¶ 48-54. Using the INA and Fifth Amendment, the Petitioner points to the IJ's order and argues that the Respondents should not continue to detain him. Thus, the Petitioner's habeas claims do arise under § 2241 and are properly brought.

### ii. Immigration and Nationality Act ("INA") Jurisdictional Bars

### 1. Section 1252(g) – Decisions by Attorney General

8 U.S.C. § 1252(g) states that, with limited exceptions, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence* proceedings, *adjudicate* cases, or *execute* removal orders against any alien." 8 U.S.C. § 1252(g) (emphasis added); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999). In that light, § 1252(g) is a narrow statutory provision that concentrates on those three discrete actions. *Reno*, 525 U.S. at 482.

Respondents argue that the § 1252(g) bar applies because Petitioner's claims arise "from DHS's decision to commence removal proceedings" against him. Ret. at 9. However, rather than challenging the decision to commence proceedings, Petitioner challenges the legality of his detainment, specifically based on the IJ's order to effectuate his release. Pet. ¶ 54. Detainment of Petitioner does not fall within the three discrete actions identified in § 1252(g) and, thus, would not deprive the Court's jurisdiction. *See Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020) ("Although the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution.").

### 2. Section 1252(b)(9) – Zipper Clause

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising

26-cv-2656-GPC-DDL

from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). Section 1252(b)(9) is seen as a general jurisdictional limitation that channels judicial review of immigration actions and decisions and acts as a zipper clause. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999). "However, what it 'zips' are requests for review of various kinds of agency action which are heard by means of petitions for 'judicial review' ... [i]t does not affect petitions for habeas corpus." *Flores-Miramontes v. I.N.S.*, 212 F.3d 1133 (9th Cir. 2000).

Respondents argue that Petitioner's detention "arises from DHS's decision to commence such proceedings" against him, which would divest this Court of jurisdiction. ECF No. 4 at 9. However, § 1252(b)(9) cannot be stretched to preclude jurisdiction for this petition because "[i]nterpreting 'arising from' in this extreme way would also make claims of prolonged detention effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (finding cramming judicial review of detention questions into the review of final removal orders would be absurd). Adopting Respondent's application of § 1252(b)(9) would permit an excessive detention to take place by the time a final order of removal was eventually entered. *Id*. As such, § 1252(b)(9) does not present a jurisdictional bar to the instant petition.

### b. Exhaustion of Remedies

Generally, a petitioner must exhaust administrative remedies by appealing to the BIA before seeking judicial remedies, including bond redeterminations. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The

party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Here, Respondents argue that Petitioner did not exhaust remedies available to him because "Petitioner is eligible for a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a)." Ret. at 4. Thus, because the Respondents have been granted their motion to recalendar, they ask the court to "dismiss without prejudice or stay these proceedings until a [new] bond hearing is conducted and concluded on the merits before an IJ." *Id*. at 5.

However, there are no remedies that Petitioner needs to exhaust here. While Respondents' motion to recalendar has been granted, this does not hide the fact that Petitioner already received a bond hearing at which the IJ ordered Petitioner be released in his April 17, 2026 order. *See* Pet. Ex. A, IJ Ord. This order found in Petitioner's favor, and this Petition "simply asks the Court to enforce the IJ's bond orders." *See Herrera v. Knight*, 798 F. Supp. 3d 1184, 1197 (D. Nev. 2025). Thus, it would follow that Respondents—not Petitioner—must abide by the IJ order as they exhaust remedies by filing an appeal to the BIA. However, the Court notes that Respondents have waived their right to appeal the IJ's order. *See* IJ Ord. at 2.

Further, to the extent exhaustion might apply to Petitioner in this case, prudential exhaustion has been excused as futile in similar cases where (1) Respondents have sought to continue detaining petitioners after an IJ order of release and (2) petitioners challenged the continued detention on due process grounds. *See Herrera*, 798 F. Supp. 3d at 1198; *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1135 (D. Nev. 2025). Specifically, "[b]ecause Petitioner[] assert[s] that" Respondents' continued detention of Petitioner in defiance of an IJ's release order "runs afoul of [his] due process rights, and [his] constitutional challenge is necessarily beyond the scope of the BIA's review, prudential administrative exhaustion—to the extent it should apply where Respondents, not

26-cv-2656-GPC-DDL

Petitioners, are asserting the IJ's decisions were erroneous—is excused as futile." *Herrera*, 798 F. Supp. 3d at 1198.

### c. Merits

Petitioner claims that his detention violates the INA and the Fifth Amendment's Due Process Clause, and the Fourth Amendment. Pet. ¶¶ 48-54. Respondents, in turn, maintain that Petitioner is mandatorily detained under 8 U.S.C. § 1226(a) and the IJ's order was "erroneous." Ret. at 3-4.

As an initial matter, the Court notes that Respondents fail to substantively address Petitioner's due process challenge to his continued detention despite an IJ's order that Petitioner be released. In fact, the words "due process" do not appear even once in Respondents' return to the petition. *See generally* Ret.

Additionally, Respondents have failed to abide by any procedure to stay or appeal the IJ's order, instead unilaterally determining that the IJ's order was "erroneous." Ret. at 3. Generally, if Respondents seek continued detention after an IJ's order of release, they must appeal the decision to the BIA and seek a stay pursuant to 8 C.F.R. § 1003.19(i)(2), which can provide for stays of IJ custody decisions pending their appeal if the Secretary of DHS has certified that there are sufficient factual and legal bases to justify continued detention.[2] *See Herrera*, 798 F. Supp. 3d at 1192 (finding application of the stay unconstitutional). The stay lapses if Respondents do not file a timely notice of appeal to the BIA. *In re Joseph*, 22 I. & N. Dec. 660, 663-64 (BIA 1999). Respondents' motion to recalendar Petitioner's administratively closed removal proceedings is not a substitute for

---

[2] The Court notes that the constitutionality of the government's use of this stay provision has been called into question. Specifically, at least one court has found that continued detention pursuant to the automatic stay provision after a bond hearing resolved in petitioner's favor is facially violative of procedural due process. *See Herrera*, 798 F. Supp. 3d at 1203; *Maldonado Vazquez*, 805 F. Supp. At 1148.

26-cv-2656-GPC-DDL

failing to respond—either through (1) release or (2) appeal and stay—to the existing IJ order.

The IJ has already considered Respondents' assertion that Petitioner had a valid Notice to Appear and found it meritless. Respondents have already been ordered to release Petitioner. IJ Ord. at 1. This Court need not "intervene in the administrative appellate process" by considering the validity of the IJ's holding, which it understands that Respondents find erroneous. *See Herrera*, 798 F. Supp. 3d at 1196. Rather, the "narrow issue" before the Court is whether Respondents could "unilaterally and without a hearing detain Petitioner[] after [he] ha[s] been granted release . . . by a duly appointed IJ," or whether such detention violates Petitioner's procedural due process rights. *Herrera*, 798 F. Supp. 3d at 1196.

### i.  Procedural Due Process

"To determine whether detention violates procedural due process, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Maldonado Vazquez*, 805 F. Supp. At 1143. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335.

### 1.  The Private Interest

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Being free from imprisonment is "the most elemental of liberty interests," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004), where liberty is the norm and detention is "the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, this factor favors Petitioner.

//

9

26-cv-2656-GPC-DDL

## 2.  The Risk of Erroneous Deprivation

Turning to the second *Mathews* factor, the court finds that continuing to detain a Petitioner after an IJ order directing his release "creates an extreme risk of erroneous and arbitrary confinement." *See Maldonado Vazquez*, 805 F. Supp. at 1145 (finding this to be the case even where the government invoked the stay provision of 8 C.F.R. § 1003.19(i)(2)). Respondents have provided no reasoning to justify their decision to ignore the IJ's release order other than their own determination that the order is erroneous. Such an "undefined and subjective" approach to detention "clearly creates a likelihood of arbitrary and capricious application." *Id.*

Second, the risk of erroneous deprivation is high because Petitioner remains detained even after an IJ has already granted release. Such an exercise of "unchecked power . . . to prolong an individual's detention" runs counter to the liberty interests protected by the Due Process Clause. *See id.* at 1146.

Lastly, while Respondents seek to override an IJ's order—which they have not appealed—they seek to do so without the showings generally required to do so, such as a likelihood of success on the merits or irreparable injury in the absence of a stay. *Id.*; *Herrera*, 798 F. Supp. at 1201. To supply Respondents with the authority to merely disregard an IJ's release order "presents a conflict of interest [by] conferring unreviewable discretionary authority in the same prosecuting agency official[.]" *Maldonado Vazquez*, 805 F. Supp. at 1146. Such a scheme "makes erroneous deprivation not just a risk, but likely." *Maldonado Vazquez*, 805 F. Supp. at 1146; *Herrera*, 798 F. Supp. at 1201.

As to the probable value of additional procedure, the Court finds that any additional procedure is valuable where, as here, Respondents failed to abide by any procedures in defying the IJ's order and continuing Petitioner's detention. *See Maldonado Vazquez*, 805 F. Supp. at 1147; *Herrera*, 798 F. Supp. at 1201. Thus, the second *Mathews* factor also weighs in Petitioner's favor.

26-cv-2656-GPC-DDL

### 3. Government's Interest and Burden of Additional Process

Turning to the third *Mathews* factor—the government's interest and burdens that additional process would entail—the Court acknowledges that the government has an interest in the enforcement of immigration laws. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199-89 (9th Cir. 2022). However, "in failing to articulate any reason why detaining noncitizens who have prevailed at a bond hearing is necessary to enforcing immigration law, the question arises 'whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons.'" *Maldonado Vazquez*, 805 F. Supp. at 1147 (quoting *Demore v. Kim*, 538 U.S. 510, 516-17 (2003) (Kennedy, J., concurring)).

Additionally, the Court again notes that Respondents failed to abide by *any* procedure to justify their continued detention of Petitioner in defiance of an IJ's order. Thus, the requirement that Respondents make use of existing procedures—including seeking an appeal through the BIA—"cannot be said to be a fiscal or administrative burden on the government." *Id.* Accordingly, the third factor also weighs in Petitioner's favor.

Each of the *Mathews* factors favors Petitioners. Thus, the Court finds that Respondents' continued detention of Petitioner in defiance of the IJ's order violates due process.[3]

### d. Relief

Immediate release is the appropriate remedy in this case. Respondents, in their response to the petition, state that Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a). Ret. at 4. However, for the reasons discussed above, a bond hearing is insufficient to cure the due process violations faced by Petitioner. Respondents have failed to address Petitioner's due process arguments or justify their decision to defy the IJ's

---

[3] Having reached a conclusion on Petitioner's due process claim, the Court declines to decide the merits of Petitioner's INA claim.

11

26-cv-2656-GPC-DDL

release order beyond their unilateral belief that it was erroneous. Accordingly, the Court is not persuaded by Respondents' arguments regarding a bond hearing and instead orders Petitioner's release pursuant to the IJ order. *See* IJ Ord., at 1.

## IV.    CONCLUSION

Based on the reasoning above, the Court **ORDERS**:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2. In compliance with the Immigration Judge's April 17, 2026 Order, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. Respondents **SHALL NOT** impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.[4]

4. Respondents are ORDERED to FILE a notice of compliance within 48 hours confirming Petitioner's release from custody.

IT IS SO ORDERED.

Dated:  May 5, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. Pet. At 10. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.

12

26-cv-2656-GPC-DDL